

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 14, 1968

Honorable Harry B. Kelton
Director, Texas National Guard
  Armory Board
West Austin Station
Austin, Texas 78703

Opinion No. M-289

Re: Merit increases for Armory
Board employees and cons-
truction of House Bill No.
5, Acts of 60th Legislature,
Article V, Section 1, and
Article 6252, V.C.S.

Dear Mr. Kelton:

Your request for an opinion poses the following question:

"Should one or more of the employees on a local fund payroll be given a one step merit increase effective September 1st, 1968 and later in the year the payroll is transferred for payment from our General Revenue appropriation for classified salary positions, can the State Comptroller legally approve the salaries for payment at the step two rate of the Classification Salary Schedule provided such merit increases conform to the provisions Article V, Section 1, paragraph a, sub-paragraph (2) of House Bill No. 5, Acts of the 60th Legislature, First Called Session, 1968 and Article 6252 Revised Civil Statutes of Texas?"

Subdivision (2) of Section 1 of Article V of the current Appropriation Act relating to merit salary increases provides:

"(2) MERIT SALARY INCREASES. During the fiscal year beginning September 1, 1968, in addition to other salary increases authorized in this Section, agency administrators may grant merit salary increases to selected employees whose performance or productivity is consistently above that normally expected or required. Such merit increases shall be subject to the following restrictions:

- 1404 -

"(a)  The source of funds shall be only
the items of appropriations in this Act for
'Merit Salary Increases', except as otherwise
authorized below.  The maximum monthly expendi-
ture for merit salary increases shall be one-
twelfth of the total appropriation for that
item.

"(b)  No employee may receive more than
two one-step increases from funds appropriated
for merit salary increases during the fiscal
year beginning September 1, 1968.

"(c)  For agencies financed from more than
one fund, the cost of merit increases shall be
allocated to each fund in the same proportion
as regular payrolls bear to such funds.

"(d)  Where a specific line item appro-
priation is not provided for merit salary in-
creases, agencies are authorized to allocate
not more than 1.7% of the fiscal 1969 budget
for classified positions, provided however that
any merit salary  increases so granted shall
be subject to the provisions of this section
related to merit salary increases."

Regular full-time salaried employees of the Texas
National Guard Armory Board hold classified positions under the
provisions of Article 6252-11, Vernon's Civil Statutes, unless
the employees have been excluded from such Position Classification
Plan by executive order of the Governor or by direction of the
Legislature.  Article 6252-11, Section 2.  Thus it was held in
Attorney General Opinion WW-1095 (1961) that the Position Classi-
fication Plan did not apply to the Finance Commission and the
Banking and Savings and Loan Departments for the reason that
their employees were excluded by direction of the Legislature
by virtue of the provisions of Article 342-112, Vernon's Civil
Statutes.  Likewise it was held in Attorney General Opinion
WW-1222 (1961) that the employees of the Texas State Board of
Plumbing Examiners were excluded from the Position Classification
Plan by direction of the Legislature by virtue of the provisions
of Article 6243-101, Secs. 5 and 7, Vernon's Civil Statutes.

In view of the provisions of Article 6252-11, whether
a regular full-time salaried employee is in a classified or un-
classified position is not made dependent upon the source from
which his salary is paid, but rather is made dependent upon

whether such employee has been excluded from the Position Classification Plan by executive order of the Governor or by direction of the Legislature. The fact that an employee is paid from funds outside the Treasury during part of a fiscal year and paid from funds in the State Treasury during another part of the fiscal year will not affect the salary rate to be paid such employee if such employee during such period of time remains in a classified position.

In answer to your question you are advised that when such employees are later transferred on the payroll for the purposes of their salary being paid from funds in the State Treasury, they are to receive salaries at the rate provided for in the Position Classification Schedule; and the Comptroller may legally approve merit salary increases which conform to the provisions of Subdivision (2) of Section 1 of Article V of the current General Appropriation Act relating to merit salary increases.

### S U M M A R Y

The fact that an employee is paid from funds outside the Treasury during part of a fiscal year and paid from funds in the State Treasury during another part of the fiscal year will not affect the salary rate to be paid such employee if such employee during such period of time remains in a classified position.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Steve Hollahan
Robert Darden
Malcom Smith
Z. T. Fortescue

A. J. CARUBBI, JR.
Executive Assistant